**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA M SITTIG, | ) | |
| | ) | No. 16 C 2341 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| NANCY A BERRYHILL, Acting | ) | |
| Commissioner of the U.S. Social | ) | |
| Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Linda Sitting ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Disability Insurance Benefits ("DIB") under Title XVI of the Social Security Act. The Court grants the Plaintiff's motion for summary judgment (Dkt. 14), and denies the Commissioner's motion for summary judgment (Dkt. 15). The Court reverses the Commissioner's decision and remands the case for further proceedings consistent with this opinion.

## STATEMENT

### I. Procedural History

Plaintiff filed a DIB application on January 16, 2013, alleging a disability onset date of August 31, 2007. (R. 65.) Her initial application was denied on May 8, 2013, and again at the reconsideration stage on January 28, 2014. (R. 65, 84.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on February 6, 2014, and the hearing was scheduled on November 12, 2014. (R. 96, 105.) At the hearing, Plaintiff, who was represented by counsel,

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

appeared and testified. (R. 31-64.) Vocational expert ("VE") Richard Fisher also appeared and offered testimony. (R. 31, 51-62.) On January 21, 2015, the ALJ issued a written decision denying Plaintiff's applications for DIB benefits. (R. 15-26.) Plaintiff requested review of the ALJ's decision at the Appeals Council and included supplemental evidence in her submission. (R. 204-211, 438-39.) The Appeals Council denied her petition, making the ALJ's decision the final decision of the Commissioner. (R. at 1-6, 204, 438-39.) Plaintiff then filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c).

## II.    The ALJ's Decision

As an initial matter, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016. (R. 17.) Applying the five-step sequential evaluation process pursuant to 20 C.F.R. § 404.1520, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of August 31, 2007. (*Id.*) At step two, the ALJ determined that Plaintiff had the severe impairments of degenerative disc disease of the cervical and lumbar spine; status-post C5-6 cervical fusion (January 2009) and L5-S1 lumbar fusion (November 2009). (*Id.*) At step three, the ALJ found that Plaintiff's impairments did not meet the severity requirements of the listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18.) Before step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work as defined in 20 CFR 404.1567(c). (R. 18.) The ALJ also found that Plaintiff's RFC was further limited to lifting, carrying, pushing and/ or pulling up to twenty pounds occasionally and ten pounds frequently; standing and/ or walking up to two hours in an eight-hour day, sitting up to six hours in an eight-hour day, and occasionally stooping and climbing ramps and stairs. (R. 18.) At step four, the ALJ determined that Plaintiff is capable of performing past relevant work a secretary

and as a loan originator as those jobs are performed in the national economy. (R. 25-26.) Given these findings, the ALJ concluded that Plaintiff was disabled as defined in the Social Security Act from August 31, 2007 through the date of the ALJ's decision on January 21, 2015. (R. 26.)

## DISCUSSION

### I. Standard of Review

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the plaintiff is disabled as set forth in the Act, 20 C.F.R. §§ 404.1520(a) and 416.920(a), if it is supported by substantial evidence, and if it is free of legal error. 42 U.S.C. § 405(g). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Although we review the ALJ's decision deferentially, she must nevertheless build a "logical bridge" between the evidence and her conclusion. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). A "minimal[ ] articulat[ion] of her justification" is enough. *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).

### II. The ALJ improperly weighed the opinion evidence

Plaintiff argues that the ALJ erred by not addressing or assigning weight to the opinion of state agency medical consultant Richard Bilinsky, M.D. which was more limiting than the ALJ's ultimate RFC assessment. ALJs "must consider all medical opinions in the record." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013); *see* 20 C.F.R. § 404.1527(c) (instructing ALJ's to "evaluate every medical opinion" in the record). Unless an ALJ affords controlling weight to the medical opinion of a treating source, the regulations direct the ALJ to consider all of the following factors when deciding what weight to give "any medical opinion," including: (1) the examining relationship; (2) the treatment relationship; (3) the extent to which medical evidence

3

supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6).

Here, the ALJ did not give controlling weight to any treating physician's opinion and therefore was required to address the relevant factors in 20 C.F.R. § 404.1527(c) in deciding what weight to give the opinions of the state agency medical and psychological consultants. While the ALJ discussed his weighing of the opinion of state agency consultant James Hinchen, M.D. at the reconsideration level, he ignored the opinion of earlier state agency consultant Dr. Bilinsky without giving any explanation for the omission. This is significant because Dr. Bilinsky's opinion was more restrictive than that of Dr. Hinchen. Dr. Bilinsky opined that Plaintiff could sit only two hours, in an eight-hour workday, (R. 69-70), whereas, Dr. Hinchen concluded that Plaintiff was less restricted and could sit for a total of six hours, in an eight-hour workday. (R. 79.) The ALJ adopted the findings of Dr. Hinchen in his RFC and in his hypothetical to the VE limiting Plaintiff to sitting a total of six hours, in an eight-hour workday. While the ALJ does not need to discuss every single piece of evidence, he is required to "build a logical bridge from evidence to conclusion." *Vilano v. Astrue,* 556 F.3d 558, 562 (7th Cir.2009). Accordingly, the ALJ may not simply ignore a line of evidence, but must "confront the evidence that does not support his conclusion and explain why it was rejected." *Indoranto v. Barnhart,* 374 F.3d 470, 474 (7th Cir.2004). Without any discussion of Dr. Bilinsky's opinion evidence, the ALJ failed to build a logical bridge from the evidence to his conclusion.

The Commissioner does not directly address the ALJ's failure to discuss Dr. Bilinsky's opinion evidence in her response. The Commissioner merely asserts that the ALJ found "the more recent" state agency opinion of Dr. Hinchen less restrictive than the opinion of treating

neurosurgeon Dr. Citcow and therefore gave it "significant weight." (Def.'s Mem. at 8.) If the Commissioner is implying that the ALJ ignored Dr. Bilinsky's opinion because it was less recent than the opinion of Dr. Hinchen, this argument fails for two reasons. First, this is not an argument made by the ALJ, and is thus an impermissible post hoc rationalization. *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (*citing SEC v. Chenery Corp.,* 318 U.S. 80, 87-88 (1943)); *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("Under the Chenery doctrine, the Commissioner's lawyers cannot defend the agency's decision on grounds that the agency itself did not embrace."). Since the ALJ did not give any reason at all for rejecting Dr. Bilinsky's opinion, his decision cannot be upheld based upon speculation as to his reasons. Second, and more importantly, even if the ALJ dismissed Dr. Bilinsky's opinion because it was not as recent as that of Dr. Hinchen, the ALJ still did not address any of the requisite factors set forth in 20 C.F.R. § 404.1527(c) such as supportability and consistency to determine what weight to give Dr. Bilinsky's opinion. *See Simila v. Astrue*, 573 F.3d 503 (7th Cir. 2009) ("an ALJ is required to determine the weight a nontreating physician's opinion deserves by examining how well [the nontreating physician] supported and explained his opinion, whether his opinion is consistent with the record, whether [the nontreating physician] is a specialist. . . , and any other factors of which the ALJ is aware."). Without any such discussion, the ALJ committed reversible error, which requires remand.

### III. Supplemental Evidence Submitted to the Appeals Council

Plaintiff further argues that the Appeals Council erred in rejecting supplemental evidence submitted after the ALJ's decision as not "new and material." The supplemental evidence at issue is a questionnaire completed by treating physician Denise Verges, M.D. on February 27, 2015, one month after the ALJ issued his decision. Social Security Administration regulations

5

require the Appeals Council to evaluate whether additional evidence is "new, material, and relates to the period on or before the date of the hearing decision" in determining if a case qualifies for review. 20 C.F.R. § 404.970(a). The question of whether the Appeals Council's decision is reviewable by this Court "is dependent on the grounds on which the Council declined to grant plenary review." *Stepp v. Colvin*, 795 F.3d 711, 722 (7th Cir. 2015). If the Appeals Council found that the plaintiff's supplemental evidence was not new, material or time-relevant and did not qualify for review, the district court may review the Appeals Council's decision *de novo* for legal error. *Id.* (citing *Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012)). "[I]f the Appeals Council deemed the evidence new, material, and time-relevant, but denied plenary review of the ALJ's decision based on its conclusion that the record—as supplemented—does not demonstrate that the ALJ's decision was 'contrary to the weight of the evidence,' the Council's decision not to engage in plenary review is 'discretionary and unreviewable.'" *Id.* (citing *Perkins v. Chater,* 107 F.3d 1290, 1294 (7th Cir. 1997)).

Defendant argues that the Appeals Council found the supplemental evidence to be qualifying (*i.e*,. new, material and time relevant), and under the "weight of the evidence" standard declined plenary review, making the Appeals Council's decision "not judicially reviewable by this Court." (Def.'s Mem. at 14-15). However, Defendant does not indicate how she determined that the Appeals Council used "the weight of the evidence" standard. In this case, the Appeals Council indicated that it

> considered...the additional evidence listed on the enclosed Order of Appeals...considered whether the [ALJ's] action, findings, or conclusion [was] contrary to the weight of evidence of record...[and] concluded that the additional evidence [did] not provide a basis for changing the [ALJ's] decision.

(R. 2.) The Seventh Circuit has acknowledged that this oft used boilerplate language in denial notices makes discerning the basis for declining plenary review unclear. *Farrell*, 692 F.3d at

6

771; *Stepp*, 795 F.3d at 723-25.  Recently, the Seventh Circuit interpreted the *same* boilerplate language to mean that the Appeals Council rejected the evidence as non-qualifying under the regulations.  *See Stepp*, 795 F.3d at 724-25 (determining that language in the denial notice where the Appeals Council "considered whether the [ALJ's] action, findings, or conclusion [was] contrary to the weight of the evidence of record" was not "sufficiently specific to confirm that the Council had accepted and reviewed the newly submitted evidence.")

As such, the boilerplate language used by the Appeals Council is not dispositive on the issue of the appropriate standard of review.  However, in this case, the next sentence in the denial notice clearly indicates that the Appeals Council found the supplemental evidence to be non-qualifying; the Appeals Council indicated that it "looked at a Progress Note from Denise Verges, M.D. dated January 27, 2014" and determined "[t]his document is not new because it is a copy of Exhibit 11F pages 3-6."  (R. 2.)  Therefore, this Court finds that the limited question of whether the supplemental evidence is "new and material" and thus qualifying for review, is a question of law subject to *de novo* review by this Court.  *Stepp,* 795 F.3d at 722; *Farrell,* 692 F.3d at 771.

The Court disagrees with the Appeals Council's finding that the additional evidence is not "new."  Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding."  *Stepp,* 795 F.3d at 725, quoting *Perkins*, 107 F.3d at 1296.  Here, the Appeals Council made an error when it noted that the evidence was "dated January 27, 2014" and was "a copy of Exhibit 11F pages 3-6."  (*Id.*)  Indeed, the proffered evidence was dated February 27, 2015, not January 27, 2014, and was not in Exhibit 11F; in fact it was not in existence at the time of the hearing, which occurred a month before the questionnaire was completed.  Thus, the supplemental evidence is considered "new" under the regulations.

The Court also finds the supplemental evidence material. Evidence is "'material' … if it creates a reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered." *Stepp,* 795 F.3d at 725, *quoting Perkins*, 107 F.3d at 1296. Thus, "evidence is material only to the extent that it could have affected the outcome of the ALJ's decision." *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005). Here, the ALJ's decision to adopt the restrictions set out by Dr. Hinchen, the agency consultant at the reconsideration level, rested in large part on his conclusion that "a review of the record in this case reveals no contrary restrictions recommended [by] any treating sources." (R. 24.) The ALJ emphasized the significance of this by stating, "[t]he fact that the state opinion is more conservative than the opinion offered by a treating source having longitudinal familiarity implies that it is consistent with other substantial evidence." (*Id.*) This Court agrees with Plaintiff that "it is reasonable to assume that the ALJ would have placed great weight upon the treating physician's opinions" given his statements in his decision. (Pl.'s Mem. at 16-17).

The supplemental evidence consists of a questionnaire filled out by Plaintiff's treating neurologist Dr. Verges one month after the hearing, indicating that Plaintiff suffers from "fibromyalgia, osteoarthritis, persistent motor function, disorganization of two or more extremities, mild disturbance of gait and station, sustained disturbance of gross and dexterous movements, and severe pain in multiple joints and muscles." (R. 438-39.) Plaintiff argues that the additional evidence submitted contains a contrary restriction from a treating source which "could have undermined the state agency consultants' opinions." (Pl.'s Mem. at 16.) Indeed, the supplemental evidence provides something previously unavailable—Dr. Verges' assessment of Plaintiff's work-related physical capabilities. There is no dispute that Dr. Verges is Plaintiff's treating neurologist with "longitudinal familiarity" with Plaintiff. The Court finds that there is a

8

reasonable probability that the ALJ could have reached a different conclusion had he considered the newly submitted evidence. Thus, Dr. Verges' opinion specifying the impact of Plaintiff's medical impairments on physical capabilities including motor function disorganization, disturbance of gait and station, and disturbance of gross and dexterous movements is material within the meaning of § 404.970(a). On remand, the ALJ must consider the newly-submitted evidence in re-assessing the severity of Plaintiff's impairments.

**IV. Issues on Remand**

Plaintiff also argues that the ALJ failed to make a proper credibility determination. The Court does not reach that issue,[2] but notes that the Social Security Administration has recently updated its guidance about evaluating symptoms in disability claims. *See* SSR 16-3p, 2016 WL 1119029 (effective March 28, 2016). The new ruling eliminates the term "credibility" from the sub-regulatory policies to "clarify that subjective symptom evaluation is not an examination of the individual's character." *Id.* at *1. On remand, the ALJ should re-evaluate Claimant's subjective symptoms in light of SSR 16-3p. Although the Court does not make a ruling on the issue of credibility at this time, there are certain concerns that the Court would like the ALJ to address on remand. In particular, SSR 16-3p states that it is "not enough for our adjudicators simply to recite the factors described in the regulations for evaluating symptoms;" instead, "[t]he determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." On remand, the ALJ should take care to heed the requirements of SSR 16-3p.

Further, after considering Dr. Bilinksy's opinion and the newly submitted opinion by Dr.

---

[2] Because the Court remands on other issues, it need not explore in detail the other arguments posited by Plaintiff on appeal since the analysis would not change the results in this case. The Commissioner, however, should not assume these issues were omitted from the opinion because no error was found.

9

Verges, the ALJ shall reevaluate Plaintiff's RFC, considering all of the evidence of record, including Plaintiff's testimony, and shall explain the basis of his findings in accordance with applicable regulations and rulings.  Finally, with the assistance of a VE, the ALJ shall re-determine whether Plaintiff can perform her past relevant work or if there are jobs that exist in significant numbers that Plaintiff can perform.

## CONCLUSION

For the reasons discussed herein, the Court grants the Plaintiff's motion for summary judgment (Dkt. 14), and denies the Commissioner's motion for summary judgment (Dkt. 15.) The Court reverses the Commissioner's decision and remands the case for further proceedings consistent with this opinion.

**ENTER:**

**DATED:** 5/15/2017

Susan E. Cox
United States Magistrate Judge